UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAMON PINEDA | ) | |
| | ) | |
| v. | ) | CIVIL No. 04-10153-RGS |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

## GOVERNMENT'S MEMORANDUM
## IN RESPONSE TO PETITIONER'S 18 U.S.C. § 2255 PETITION

On or about January 23, 2004, Petitioner Ramon Pineda ("Petitioner"), filed a motion entitled "Memorandum Brief in Support of Motion for Ineffective Assistance of Counsel Pursuant to 28 U.S.C. § 2255" ("2255 Petition"). The 2255 Petition is both procedurally and substantively defective, and should be dismissed.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On February 11, 1998, the United States Grand Jury returned a one count indictment charging Petitioner with Unlawful Reentry by a Removed Alien in violation of 8 United States Code §1326. On April 17, 2001, Petitioner, represented by counsel, pleaded guilty before the Honorable Richard G. Stearns, United States District Court Judge, to the sole count of the indictment.

On August 21, 2001, the Honorable Richard G. Stearns, United States District Court Judge, sentenced Petitioner to 70 months of incarceration followed by two years of supervised release, along with other conditions of sentence not relevant to the instant 2255 Petition.

Petitioner appealed this sentence and judgment to the First Circuit Court of Appeals, arguing (1) that the District Court erred by failing to suppress evidence of his prior deportation

on the grounds that the deportation order was fundamentally flawed in that (a) he was not properly notified of his right to appeal the deportation order, (b) he was improperly deported in absentia, and (c) he was not notified of his right to contact the consulate of his country; and (2) that his guilty plea was improper because (a) it had been coerced, (b) he had not understood the charges against him, and (c) he had not understood the consequences of the plea. On January 17, 2003, the First Circuit Court of Appeals rejected each of these claims. *United States v. Pineda*, No. 01-2240 57, Fed.Appx. 4, 2003 WL 132986 (1st Cir. 2003), unpublished opinion. Attached as Exhibit 1.

Pinenda filed the instant 2255 Petition on January 23, 2004.

**ARGUMENT**

Petitioner's confusing and repetitive brief begins with a list of five arguments Petitioner advances to overturn his conviction: 1) the guilty plea was unlawfully induced and involuntary; 2) the prosecution failed to disclose evidence favorable to the Petitioner; 3) ineffective assistance of counsel; 4) violation of the double jeopardy clause of the United States Constitution; and 5) violation of Amendment 632 to the United States Sentencing Guidelines and failure to grant a downward departure at sentencing.

In addition to these five listed grounds, Petitioner appears to raise a few additional arguments during the course of his brief, including a claim that his original deportation proceedings were unconstitutional and therefore cannot form the basis of an illegal reentry charge; that his prior state court criminal convictions were improper; and that he was denied proper medical care while incarcerated pending trial.

Each of these claims are procedurally defective and without merit.

*Petitioner's Claim 1: The Guilty Plea was Unlawfully Induced and Involuntary*

The factual grounds for this claim are not well described in the 2255 Petition, and are clearly insufficient to support the claim. However, the Court need not address the merits of this claim, because it fails for two procedural reasons. First, Petitioner's claim cannot be considered because the unsworn, unverified petition is legally insufficient to support the claim. As the First Circuit stated in *United States v. LaBonte,* 70 F.3d 1396, 1413 (1st Cir. 1995), "A habeas application must rest on a foundation of factual allegations presented under oath, either in a verified petition or supporting affidavit. ... Facts alleged to in an unsworn memorandum will not suffice."

Second, Petitioner has already litigate this issue in his direct appeal from his conviction. Consequently, he is barred from seeking relief based on this claim in the instant petition. *See Withrow v. Williams,* 507, U.S. 680, 720-721 (Scalia, J. concurring) (collecting cases) and *Argencourt v. United States,* 78 F.3d 14, 16 n.1 (1st Cir. 1996).

*Petitioner's Claim 2: The Prosecution Failed to Disclose Favorable Evidence*

Though Petitioner states this as a grounds for the 2255 Petition, he does not detail what evidence was withheld, nor does he demonstrate how the allegedly withheld evidence (whatever it was) could have resulted in a different outcome. Indeed, it is hard to discern on what factual grounds Petitioner makes this claim at all. However, the Court need not reach the merits of this issue, as Petitioner's factual allegations are unsworn, and thus legally insufficient to support the claim. *LaBonte,* 70 F.3d at 1413.

*Petitioner's Claim 3: Ineffective Assistance of Counsel*

The basis for Petitioner's ineffective assistance of counsel claim is extremely hard to

discern. It appears to be based on the fact that petitioner's criminal defense counsel failed to convince the Court of the merit's of Petitioner's motion to suppress evidence of the prior deportation; failed to review Petitioner's prior state court convictions; failed to request medical help; sent "threatening letters" to Petitioner (whose contents are not disclosed in the motion); and failed to convince the District Court to grant a "downward departure" at sentencing. This constellation of generalized allegations, even if true, would not constitute ineffective assistance of counsel. Regardless, the Court need not reach the merits of this claim as Petitioner's factual allegations are unsworn, and thus legally insufficient to support the claim. *LaBonte*, 70 F.3d at 1413.

### Petitioner's Claim 4: Violation of the Double Jeopardy Clause of the United States Constitution

Petitioner asserts that the Illegal Reentry conviction was obtained in violation of the Constitution's ban on double jeopardy. Petitioner uses the words "double jeopardy," but fails to allege any facts that could plausibly be described as a double jeopardy violation. For example, Petitioner does not, and could not, allege that he had been previously prosecuted for the same acts – violating 8 U.S.C. §1326 by being found in the United States in 1998 after he had been legally removed from the United States as an illegal alien. In the absence of any such allegation, there can be no double jeopardy violation. Regardless, the Court need not reach the merits of this claim as Petitioner's factual allegations are unsworn, and thus legally insufficient to support the claim. *LaBonte*, 70 F.3d at 1413.

### Petitioner's Claim 5: Violation of Amendment 632 to the United States Sentencing Guidelines and Failure to Grant a Downward Departure

Petitioner claims that he was improperly sentenced for two reasons. First, the Court

discern. It appears to be based on the fact that petitioner's criminal defense counsel failed to convince the Court of the merit's of Petitioner's motion to suppress evidence of the prior deportation; failed to review Petitioner's prior state court convictions; failed to request medical help; sent "threatening letters" to Petitioner (whose contents are not disclosed in the motion); and failed to convince the District Court to grant a "downward departure" at sentencing. This constellation of generalized allegations, even if true, would not constitute ineffective assistance of counsel. Regardless, the Court need not reach the merits of this claim as Petitioner's factual allegations are unsworn, and thus legally insufficient to support the claim. *LaBonte*, 70 F.3d at 1413.

### Petitioner's Claim 4: Violation of the Double Jeopardy Clause of the United States Constitution

Petitioner asserts that the Illegal Reentry conviction was obtained in violation of the Constitution's ban on double jeopardy. Petitioner uses the words "double jeopardy," but fails to allege any facts that could plausibly be described as a double jeopardy violation. For example, Petitioner does not, and could not, allege that he had been previously prosecuted for the same acts – violating 8 U.S.C. §1326 by being found in the United States in 1998 after he had been legally removed from the United States as an illegal alien. In the absence of any such allegation, there can be no double jeopardy violation. Regardless, the Court need not reach the merits of this claim as Petitioner's factual allegations are unsworn, and thus legally insufficient to support the claim. *LaBonte*, 70 F.3d at 1413.

### Petitioner's Claim 5: Violation of Amendment 632 to the United States Sentencing Guidelines and Failure to Grant a Downward Departure

Petitioner claims that he was improperly sentenced for two reasons. First, the Court

failed to grant a downward departure on the grounds that his "culture assimilation mitigates his culpability for the crime of illegal reentry"; and, second, under Amendment 632 to the United States Sentencing Guidelines, Petitioner's base offense level should have been lower. Neither claim is cognizable in a 2255 petition, and both are without merit.

Claims of error under the Sentencing Guidelines are generally not cognizable as claims of error pursuant to Section 2255. *See, e.g., Knight v. United States*, 37 F.3d 769, 773 (1st Cir. 1994). Moreover, Petitioner does not have a constitutional right to a downward departure from the sentencing guidelines, and non-constitutional violations of federal law (even assuming, for the sake of argument, that a failure to grant a down departure can be construed as a violation of federal law) are not cognizable on collateral review. *See, e.g., United States v. Addonizio*, 442 U.S. 178 (1979). Moreover, Petitioner's claimed violation based on Amendment 632 to the United States Sentencing Guidelines fails for another reason as well. Petitioner asserts that he was sentenced "after the imposition of Amendment 632." This is wrong. Petitioner was sentenced on August 21, 2001. Amendment 632 became effective on November 1, 2001, more than two months later. Consequently, Amendment 632 does not impact his sentence in any way.

> *Petitioner's Additional Arguments: The Original Deportation Proceedings were Unconstitutional and Therefore Cannot Form the Basis of the Illegal Reentry Charge; Petitioner's Prior State Court Criminal Convictions were Improper; and Petitioner was Denied Proper Medical Care while Incarcerated Pending Trial*

Petitioner's additional arguments are improperly raised and without merit. The constitutionality of his original deportation proceedings and the admissibility of those proceedings to prove the illegal reentry charge were previously reviewed in Petitioner's direct appeal to the First Circuit Court of Appeals. Consequently, he is barred from seeking relief

5

based on this claim in the current motion. *See Withrow v. Williams*, 507 U.S. at 720-721 (Scalia, J. concurring) (collecting cases) and *Argencourt*, 78 F.3d at 16 n.1.

The propriety of Petitioner's prior state court convictions are not subject to 2255 review because these prior cases relate only to Petitioner's sentence, not the underlying charge. Therefore, they are not cognizable as 2255 claims. *See, e.g., Knight*, 37 F.3d at 773. Finally, the Court need not reach the merits of this claim as Petitioner's factual allegations regarding the state court cases are unsworn, and thus legally insufficient to support his claim. *LaBonte*, 70 F.3d at 1413.

Petitioner's final claim, that he had been denied proper medical care prior to his trial is not "a fundamental defect which inherently results in a complete miscarriage of justice." *Addonizio*, 442 U.S. at 185. Consequently, it cannot form the basis for a 2255 petition. Moreover, as with all Petitioner's claims, the factual allegations supporting this claim are unsworn, and therefore are not legally sufficient. *LaBonte*, 70 F.3d at 1413.

## CONCLUSION

For the forgoing reasons, the 2255 Petition should be dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
SETH P. BERMAN
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

> Ramon Pineda
> 76109
> York County Prison
> 3400 Concord Road
> York, PA

This 23rd day of April, 2004.

_____
SETH P. BERMAN
ASSISTANT UNITED STATES ATTORNEY

57 Fed.Appx. 4
(Cite as: 57 Fed.Appx. 4, 2003 WL 132986 (1st Cir.(Mass.)))
**H**

Page 1

This case was not selected for publication in the Federal Reporter.

NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT

Please use FIND to look at the applicable circuit court rule before citing this opinion. First Circuit Rule 36(b). (FIND CTA1 Rule 36.)

United States Court of Appeals,
First Circuit.

UNITED STATES of America, Appellee,
v.
Ramon PINEDA, Defendant, Appellant.

No. 01-2240.

Jan. 17, 2003.

Defendant was convicted of illegal reentry by an aggravated felon after deportation, following entry of guilty plea in the United States District Court for the District of Massachusetts, Richard G. Stearns, J. Defendant appealed. The Court of Appeals held that: (1) District Court did not commit plain error in accepting guilty plea, and (2) suppression of deportation order was not warranted on due process grounds.

Affirmed.

West Headnotes

[1] Criminal Law $\Leftrightarrow$ 1031(4)
110k1031(4)

District court did not commit plain error in accepting guilty plea, where defendant ultimately responded unequivocally at plea colloquy that he had not been coerced, source of any confusion on his part arose not from misunderstanding of charges but fact that he wanted to properly preserve his right to appeal denial of motion to suppress, and court thoroughly explained consequences of plea.

[2] Constitutional Law $\Leftrightarrow$ 266(5)
92k266(5)

[2] Sentencing and Punishment $\Leftrightarrow$ 352

350Hk352

Failure to orally advise defendant of his right to appeal deportation order did not warrant suppression of deportation order, on due process grounds, during subsequent prosecution for illegal reentry by aggravated felon, where defendant received written notice of such right. U.S.C.A. Const.Amend. 5; Immigration and Nationality Act, § 276, 8 U.S.C.A. § 1326.

[3] Aliens $\Leftrightarrow$ 54(3.1)
24k54(3.1)

[3] Constitutional Law $\Leftrightarrow$ 266(5)
92k266(5)

[3] Criminal Law $\Leftrightarrow$ 394.1(3)
110k394.1(3)

Defendant was not deported in absentia, such that suppression of deportation order would be warranted on due process grounds during subsequent prosecution for illegal reentry, where Immigration Judge (IJ) entered 45-day stay of deportation to permit defendant to apply for asylum, and then ordered him deported while he was incarcerated on state charge and after he had failed to apply for asylum within allotted time. U.S.C.A. Const.Amend. 5; Immigration and Nationality Act, § 276, 8 U.S.C.A. § 1326.

[4] Constitutional Law $\Leftrightarrow$ 266(5)
92k266(5)

[4] Criminal Law $\Leftrightarrow$ 394.1(3)
110k394.1(3)

[4] Treaties $\Leftrightarrow$ 13
385k13

Failure to advise defendant of his right under Vienna Convention to contact consular officials of his native country did not warrant suppression of prior deportation order, on due process grounds, during prosecution for illegal reentry by aggravated felon. U.S.C.A. Const.Amend. 5; Immigration and Nationality Act, § 276, 8 U.S.C.A. § 1326.
*5 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns,

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

57 Fed.Appx. 4                                                                                                Page 2
(Cite as: 57 Fed.Appx. 4, *5, 2003 WL 132986 (1st Cir.(Mass.)))

*U.S. District Judge* ]

*Mark L. Stevens*, on brief, for appellant.

*Theodore D. Chua* Assistant United States Attorney, with whor *Michae J. Sullivan* United States Attorney, were on brief, for appellee.

Before TORRUELLA *Circuit Judg* CYR and STAHL, *Senior Circuit Judges*.

*Per Curiam.*

**\*\*1** Defendant-appellant Ramon Pineda appeals the district court's acceptance of his guilty plea at his Rule 11 hearing, and the denial of his motion to suppress evidence of his prior deportation. After careful review of the briefs and record in this case, we affirm.

### I. The Facts

The district court found the pertinent facts to be as follows. Pineda, a citizen of El Salvador, immigrated to the United States in 1980. In 1989, he married an American citizen and took steps to regularize his immigration status. His residency status was revoked in 1992 because his then-estranged wife failed to attend an Immigration and Naturalization Service ("INS") marital interview. On November 5, 1993, the INS served Pineda with an Order to Show Cause. The ensuing deportation proceedings culminated on July 22, 1994, when an Immigration Judge ("IJ") found Pineda deportable and ineligible for discretionary relief under § 212(c). The IJ granted Pineda a forty-five day stay of deportation to permit him to file an asylum claim. This stay was extended twice, but Pineda never filed an asylum claim.

In September 1994, after the expiration of the initial forty-five day stay, Pineda was incarcerated on a state rape charge. On March 2, 1995, the IJ ruled that Pineda's failure to file the asylum claim constituted a waiver and abandonment. Consequently, he ordered Pineda deported and, on June 17, 1996, Pineda was deported to El Salvador.

Pineda re-entered the United States illegally in September of 1996 and was arrested on another state charge in 1997. While in state custody, Pineda was indicted for one count of unlawful reentry to the United States in violation of 8 U.S.C § 1326. On August 2, 2000, Pineda filed a motion to suppress evidence of his prior deportation on due process grounds. While the suppression motion was pending, the indictment was superseded by one charging illegal entry by an aggravated felon after deportation in violation of 8 U.S.C. § 1326.

On January 9, 2001, the district court denied Pineda's motion to suppress evidence of his prior deportation. First, tł *\*6* district court held that although Pineda was not orally advised of his right to appeal the deportation order at the March 2, 1995 hearing, the fact that he received written notice of that right satisfied the requirements of both INS regulations and due process in this case. The district court rejected the claim that oral colloquy regarding appeal rights is mandatory, holding that such inquiry is only required when "the IJ is seeking to extract a waiver of an alien's right of appeal," which did not occur in the present case.

Second, the district court held that although Pineda was never advised-- pursuant to Article 36 of the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, 1967 WL 18349 (ratified November 24, 1969) ("Vienna Convention")--of the right of an arrested alien to contact consular officials from his native country, such a failure does not constitute grounds for suppression because "there is no general exclusionary rule for international law violations," and because the Vienna Convention provides no specific judicial remedy for a violation and confers no private right of action for redress of a violation. *Cf. United States v.* ⸺ 206 F.3d 56 (2000) (en banc).

**\*\*2** Third, the district court found that, contrary to Pineda's claim, Pineda was not deported in absentia. Pineda received a deportation hearing on July 22, 1994, at which he was warned that unless he filed an asylum application within an allotted period of time, the IJ would issue a deportation order without further hearing. Thus, the district court concluded that when the IJ issued the deportation order on March 2, 1995, the IJ simply "did what he told Pineda that he would do" and lawfully issued the final order in accordance with INS regulations. Having found no fundamental flaw in the deportation proceedings, the district court denied the motion to suppress.

57 Fed.Appx. 4                                                                                                    Page 3
(Cite as: 57 Fed.Appx. 4, *6, 2003 WL 132986, **2 (1st Cir.(Mass.)))

On April 17, 2001, Pineda, pursuant to a plea agreement, entered a conditional plea of guilty to the charge of illegal reentry by an aggravated felon after deportation. Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, Pineda reserved his right to appeal the district court's denial of the motion to suppress. Following the plea colloquy, the district court found that the defendant understood the nature of the charge and that his plea was voluntary, intelligent, and knowing. On August 21, 2001, Pineda was sentenced to seventy months of imprisonment, two years of supervised relief, and a $100.00 special assessment, but he was not fined.

## II. The Guilty Plea

We review the acceptance of the guilty plea for plain error because Pineda did not seek to withdraw his plea in the district cour *See United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (200; *United States v. Gandia-Maysonet,* 227 F.3d 1, 5 (1st Cir.2000). We consider the totality of the circumstances to determine whether such plain error exists and to determine whether the guilty plea is voluntary, intelligent, and knowing within the framework of Rule 11. *United States v. Hernandez-Wilso* 186 F.3d 1, 12 (1st Cir.1999) *United States v. Cotal-Crespo,* 47 F.3d 1, 3 (1st Cir.1995).

In order to be acceptable, a guilty plea must be found to comport with the three core concerns of Rule 11:(1) the absence of coercion; (2) the defendant's understanding of the nature of the charges against him; and (3) the defendant's understanding of the consequences of his guilty plea. *United States v. Isc* 85 F.3d 831, 835 (1st Cir.1996); *Cotal-Crespo,* 47 F.3d at 4.

[1] The thrust of Pineda's argument is that the Rule 11 colloquy was inadequate as evidenced by Pineda's ambivalent answers and questions to the judge. After careful consideration of the arguments *7 presented by the parties in their briefs and at oral argument and review of the record, we find that each of the three core Rule 11 concerns have been met and affirm the district court's acceptance of the guilty plea as voluntary, intelligent, and knowing. We briefly address each of the Rule 11 concerns.

**3 First, the district court properly found an absence of coercion because Pineda ultimately responded unequivocally that he had not been coerced, and further because Pineda's responses provided no grounds for believing his guilty plea was indeed coerced.

Second, the district court correctly found that Pineda understood the charges against him. We agree with the government that the source of any seeming confusion on Pineda's part arose from the fact that Pineda wanted to properly preserve his right to appeal the ruling on the motion to suppress because he believed his deportation proceeding violated due process. Pineda nonetheless understood the charges against him and ultimately admitted that he had committed the offense conduct described by the government *See Cotal- Crespe* 47 F.3d at 6 (holding that when the government sets forth the elements of the offense and the defendant's conduct, a defendant's admission that the allegations are true suffices to show he understands the charges).

Finally, the district court correctly found that Pineda understood the consequences of his guilty plea. In response to Pineda's questions, the court thoroughly explained the consequences of pleading guilty. Once again, Pineda's main concern was his ability to appeal the deportation issue, which the court explained to him would be possible.

## III. The Motion to Suppress

The motion to suppress evidence of Pineda's prior deportation presents a mixed question of law and fact, and the ultimate determination of constitutionality is subject to de novo review. *Ornelas v. United State:* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996) *United States v. Goldman,* 41 F.3d 785, 787 (1st Cir.1994). Any related findings of fact, however, are subject to clear error reviev *United States v. Martinez-Molina,* 64 F.3d 719, 726 (1st Cir.1995).

[2][3][4] Pineda argues that his prior deportation is fundamentally flawed because he was: (1) not properly notified of his right to appeal; (2) improperly deported in absentia; and (3) not notified of his right to contact the consulate of his home country of El Salvador. After careful consideration of the arguments presented and review of the record, we agree with the reasoning presented in the district court's memorandum and affirm the denial of the motion to suppress.

57 Fed.Appx. 4                                                                        **Page 4**
(Cite as: 57 Fed.Appx. 4, *7, 2003 WL 132986, **3 (1st Cir.(Mass.)))

*Affirmed.*

57 Fed.Appx. 4, 2003 WL 132986 (1st Cir.(Mass.))

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works