UNITED STATES DISTRICT COURT OF MASSACHUSETTS

RAMON PINEDA

-v-

UNITED STATES OF AMERICA          Civil No-04-10153-RGS

### BRIEF.

PETITIONER MOTION IN OPPOSITION TO GOVERMENT,S MEMORANDUM TO DISMISS THE INEFFECTIVE ASSISTANCE OF COUNSEL,PURSUANT TO 28 U.S.C & 2255.

On Juanvary 23,2004 Petitioner Ramon Pineda filed a motion with memorandum brief in support of motion for ineffective of counsel pursuant to 28 U.S.C & 2255 petition,

### REVELANT FACTS

On Fevrary 11,1998,The United States Grand Jury faver charged a one count indictment with unlawful reentry after been removed alien in violation of the United states Code && 1326.On April 17,2001 Petitioner represented by counsel, pleaded guilty before the honorable judge Richard G.Stearn,UNITED STATES DISTRICT Court Judge to sole count of the indictment.

1.)-The Government and defendant has been in agreement to guilty plea of 57 mounths of time served;(But the United states District Court Judge haved sentenced to 70 mounths.)Petitioner have accepted the government plea agreement with 3 point of reduction his category level for acceptance of responsdbility.("The United States District Court judge has been gaved to petitioner,s acceptance of respons--ability only two (2) points of reduction in his acceptance of responsablity only :The Government argumented ,that Petitioner,s has beendelayed 30 day(1 mounth) in his decision to acceptance of responsability or haved advicedat the government after 30 days his decision to the acceptance of responsability.

2)- On August 21,2001,the Honorable Richard G.Streans ,United States District Court Judge sentenced to 70 mounths of incarceration followed by two years,of releasesupervised along with other condition of sentence,(1) if deported the defendant shall leave the United States of America immediately and not return without the prior written permission of the United states Attorney.:(2) If for some reason the defendant is not immediately deported,the defendant shall not purchase or poses a fire arm or in a substance abuse any other weapon.;(3)The defendant shall participate in a substance abuse program at the direction of the U.S.Probation officer,which program may include random drug testing to determine, if the defendant has reverted to the use of drug or alcohol,the defendant may be reguired to contribute to the cost of said program based on the availability to pay or availability of third party payment.

(4)-The defendant shall participate in a certified batterer,s intervention program at the direction of the U.S.probation officer and may be reguired to contribute to the cost of said program based on the ability to pay or availa--bility of Third -party payments;(5) The defendant shall not consume any alcohol; (6) The defendant shall pay a special assessment for $100.00 for with.

**3.)–** Petitioner appealed this sentence and judgment to the Frist Circuit Court of Appeals,arguing;

1.) The district Court erred by failing to suppress evidence of his prior deportation on the ground that the deportation order was fundamentally flowed in that;(a) He was not properly notified of his rights to appeal the deportation order.(b) He was improper deported in absentia,and (c)He was not notified of his right to contact the counsulate of his Country.

That counsels representation not haved investigated also properly that State Courts conviction that increace in his enhancement given that determination that the Court haved imposed an illegal sentence,becuase the counsel misrepersentation had not investigated propertly the State Conviction that has been in coersed or in "Street poison doctrine" in the State Courts Post Conviction Relief Attack clausule of the MR.C.P.R 13") or the consel has not done the investigation nor issued not r remedy or nor argument under the Anders-v-California 386,U.S.264,87,S.Ct .1396 18,2d.493")and the counsel haved failed to made propertly agruments.

Suppress evidence motion.(2) That his guilty plea was improper becuase (a) it had been coersed, nor been in advaicedmant his rights propertly in violation of the F.R.C.P Rule 32;(b)He had not understood the conseguences of the plea(In his advicedmaits rights in violation of the F.C.P.R Rulle II".)

On January 17,2003, the first Circuit Court appeals rejected each of these claims, (see attached exhibit No-1); Petitioner has been sought for on US Supreme court certiorary writ that was denied on March 31,2003 (see the attached exhibit No-2) Petitioner ,s filed the instant 2255 petition on January 23,2004.

## ARGUMENSTS

Petitioner haved issued the memorandum in Support of motion for ineffective assistance of counsel pursuant to 28 U.S.C.&& 2255 under the Stricland-v-Washington 466,U.S. 668,80.L.E.d 2 d.674.104 S.Ct 2052,with a list of five arguments to Petitioner advances to overturn his conviction.

(1) The guilty plea was unlawfully induced and involuntary(in violation of the F.R.C.P Rule 32 anc F.R.C.P rule II.)

(2.) The prosecution failed to disclose evidence favorable to the Petitioner; ( In violation of the Anders-v-California,386,U.S ,264,87 S.Ct 1396,2Ed,2d,493).

(3). ineffective assistance of Counsel (In violation of the Stricland-v-washington,466,U.S.668,80.L.Ed,674,104.S.Ct.2052,United States-v-Cronic,466, U.S.80.L.Ed.2d.657,104 S.Ct,2039,Calcano-v-Martinez-cv-INS,232 F.3d.406,69,L.W 1170,(2d.Cir.20000) ,Anders-v-California.386.U.S(Counsel failed to investigate the State Court Conviction of Indecent Assault and Battery charges that was in coersed by the state Court  appoint ineffectivencess of counsel repersentation on the case ,it was in violation of the 14-th Amendment ,5-th Amendment,the M.C.P.R .Rule 30,in violation of the M.C.P.R rule 13"Poison Stree DoctrineClause.") (U.S.District Court Appoint Counsel ineffectivenence she failed not argument the Petitioner,s enhancement level points in the guideline range category in the reentry sentence on the presentense report.)

(4).-Violation of the double jeopardy clause of the United states Constitution; (That defendant,s not haved committed the  State Court Case of Indecent Assault and Battery ,the U.S District Court  appoint counsel not haved argument in Petitioners defense by failed  an issue and propert defense  by the F.C.P.R Collatorel attack clause  pursuant under  the 28 U.S.C Section 2254.) But the U.S.District Court has account this State Court Conviction in the  Sentence without been investigated if the defendants was committed the State Conviction under the reasonable doubth findings.)

(5).-Violation of the Amendment 632 to the United States Guideline and failure to grant a downward departure at sentencing(Petitioner was accepted the  3 point level in reduction of his level category by acceptance of his responsability the U.S.District  Court Judge ,has not granted it,only haved  been gived two point for the acceptance  of responsability the U.S .District Court Judge ,has not granted  it,only havedbeen gived two point for the  acceptance  of responsability (The petitioner has the right  to downward  the departure level point  and argument it on the petition for the ineffective counsels repersentation to set aside or Correct sentence pursuant under the 28 U.S.C Section 2255 motion.) (The petitioner has been dismissed in the State Court is conviction two prior conviction(See the petitioner,s criminal history record") and the U.S.District Court haved accounted this dismissed conviction unto the sentence.

5.) In addition to these  five grounds ,Petitioner appears to raise  2 additional arguments during the  course of his  orginial brief,including a claim that his orginial deportation proceeding were unconstitutional,and therefore cannot from the basis of his an illegal reentry charges;Also that petitioner,s prior State Court Criminal Conviction were improper: and also petitioner,s has been seeking for dismiss hi U.S.District Court AppointCounsel in the U.S.District Court  but always his petitions on severals times was denied,and petitioner claim were he was denied proper medical care in his Serious medical needs in his medical care while was

3

incarcerated pending trial.

(6).-Petitioners Claim;(1;) The guilty Plea was unlawfully,Induced and unvol--untary. The factual ground for this claim are described in the original 2255 petition ,However the district Courts accepted the petitioners guilty plea in agreement with the government to appeal his reentry conviction in grounds of the motion to suppress evidence of his prior deportation,the District Court Violated the petitioners rights on the grounds of rule II and Rule 32; federal Rule of Criminal Procedure Rule II(c)(i) and Rule II(H);Rule II (c) Pleas said;

> "Before accepting a guilty plea or nolo contender,the Court must
> address the defendant personally in open Court and inform the
> Defendant of and determine that the defendant understand the following;
> (10The nature of the charges to which the plea is offered,the mandatory
> minimum penalty provided by law if any,and the maximum possible penalty
> provided by sed release term the fact that the court is required to
> consider any applicable sentencing guidelines but may depart from those
> guidelines under circumstances".---

(7.)-The government in the 22555 petition haved asked at the U.S.District Court to dismiss this petition on the ground,that petitioner not adddress the merits of this claim becuase it fail for two procedural reasons;

first,Petitioner"s claim cannot be considered becuase the unsworn,unverified petition is insufficient to support the claim.Becuase the petitioner ,s failed to a foundation of factual allegations presented underoath,either in a verified petition of supporting affidavit under the UNITED STATES-v-La Bonte 70,F.3d.1396 ,1413 (1-st cir.1995.)

(2).-Petitioner has already litigate this issue in his direct appeal from his conviction ,and that the petitioner is barred from seeking relief based on this claim in the instant petition under Withrow-v-Williams 507,U.S.680,720-721,(Scalia J.Concurring)(Collecting cases) and Argencourt -v-United States,78 F.3d.14,16 n.1(1-st Cir 1996.)

(8).-The Rule II(H) pleas said; (Harmeless error) Direct that "any variances from the procedures required by this Rule wich does not effect substantial rights shall be disregarded."The rule II of Federal Rules of criminal Procedure requires Judge to address a defendant about the guilty plea entry,to ensure that he understands the law of his crime in relation to the facts of his case as well as his right as criminal defendant.the rule has envolved over 30 years from general scheme to detailed plan,which included 2 provision for dealing with a slip-up by the judge in applying the rule itself.See United States-v-Vonn 535,U.S 55,62(2002)....
Petitioner appealed at the first Circuit ,his prior deportation proceedings motion to suppress evidence to obtaining relief from his unconstitutional deportation proceedings.Therefore,the first Circuit applied plain error test to his Rule 11 claim on appeal.Vonn 535 U.S.art 62 .under that test,before on appealate Court

4

(1-st Cir.2000) (habeas review0: failure from his counsel to advice petitioner of the colleral attack of the state court conviction in the federal remedy issue in the federal criminal Proceeding rules;(this claim is based on Federal statutory interpretation and Constitutional question.)

17.)- Pettioner assert the INS haved deported him on june 17,1996,only becuase the Petitioner,s ex wife has been refused to cooperate with petitioner,s residency, status or she have refused to assist at the INS officials office hearing to signed the applicant petition for the pernanment residency ,and becuase petitioner has not presented his asylum claim on the INS deportation proceeding in the earlies INS deportation proceeding on March 24,1995,not was becuase of the indecent assult and battery on the state conviction.also petitioner contend that indecent assult and battery M.gen.L.ch.265 SS 13 H qualifyes only as "Crime of moral trupitude" not as an"aggravated felony statute ubder the INA ("See the Annotated law of Masssachusetts General Law Ch.274 SSI .(2003) this statute gualify,s in an"felony" charges,but not in"<u>aggravated felony</u>" ,and the petitioner state conviction is elegible for various potential form of relief from which aggravated felon,s excluded.

18.)-Petitioner contend in this claim that state conviction it was not committed,that enhanced in this reentry sentence was improrpert(see appendix C-p .25. the U.S. District Court in determining whether the erroneous exclusion of testimony as to defendants state of mind fell with in confussion in the U.S.District advicedment in concerning the former provision of fed.R.crim.p.32(d) within in Confussion in the purview Rule 52(a)error is harmless if Court is able to declare a belief that it was harmless beyond reasonable doubt,and it is therefore necessary to look closely at what the possible harm could arise from the exclusion of the evidence and to look at the entire record.see <u>United States -v-Chason</u> 451,F2d.301,CERt.den.405,1016 .31 L.Ed.2d.479.92 S.ct 1291,(1971 CA 2.Ny.)

19.)-In order to exhaust remedies Federal Habeas Courpus review,petioner first seek discretionary review in the higher courts where such review is part of the ordinary normal and established appellate process.if petitioner files a federal habeas corpus petition containing both exhausted claims(State Courts and federal courts) The District Court must give the the petioner the merits of the others.The effect would be the same is relief granted under motion pursuant to former provision of Fed.r.Crim.p.32(d),or in the form of a writ of error coram nobis.United state ex rel.(reinslinger on behalf of Fed.R.Crim.P.32(d),or in the <u>Kappel-v-Smith</u>,41,F.2d,707,(7-th Cir.1930.):Sawkow-v-INS,Supra,note 34:Matter of Sirham,Supra Note 1.

20.)-..Due to the unusual circumstances of petitioner,s the poor assistance rendered by his counsel,he was not in formed propperly of the possible consequences of his

-7-

conviction on his plea ,such justification represent an appropriate grounds for Rule 48(a)motion ,as the U.S.District Courts Proceedings decision.see the United states-v-weber,721,f.2d.266,(9-th cir.1983) makes clear.in Weber ,explicity held that ,even after a petitioner has been convicted of a crime ,a prosecutor may obtain a rule 48 convicted of crime dismissed based on broad consideration of justice Weber 721,F2d.art.268 emphasis that ,"it is the duty of the United States Attorney not simply to prosecute ,but to justice ", In Weber ,the prosecutor sought to Dismiss count J.II .in part,becuase of "desive to do justice"that is,he was concerned when the defendant was lacked full imformation regarding the consecunces of the conviction.such a concern if he held in good faith,is a proper and appropiate "clearly to manifest public interest.'"

**Petitioners claim 3.**

21) **INEFFECTIVE OF COUNSEL.**

under the anders-v-California,386,U.S 264,87,S.Ct 1396,18 L.Ed.2d.493.Counsel has failed to raise issued in this motion to suppress evidence and not haved agrued that state conviction was unconstitutional under the Fruit of the "Poison Free Doctrine Clause" pursuant under the Federal rules of criminal Procedure and whithout not issued on exhaustion of Federal remedy by the 28 U.S.C 2254 motions, Also counsel failedto object at the sentencing the downward of the petitioner.s criminal history record in the guideline range of his prior State convictions. counsel failed to request the propert medical care while he was in the .state cus--tody counsel haved threated on severals occassion to take the plea bargain, petitioner has been againsted by his counsel in the enterily reentry process has been againsted(intimitation by the counsel)(coered the reentry process). The U.S. District Court failed to grant the petitioner a new counsel (petitioner on several occassion haved filed at the U.S. District Court withdrawhis counsel repersentation ,but the U.S.District Judge allways haved denied the petitioner,s request.:Counsel failed to investigated if the petioner has been committed that State Court Conviction in the material evidence (Hospitals or medical report,s DNA of the U.S.District Court haved harmless petitioner's rights in that unconstitutional guilty plea was in petitioner unvoluntariness

22). In determining whether error is to be regarded as technical and harmless proceeding should be examined in its entirety, tempered but not governed in any rigid sense of stare decisis by what has been done in similar situations, considering as material factors character of proceedings, what is at take upon its outcome, and relation of error asserted to casting balance for decision on case as whole.See Kotteakos V. United States, 328,U.S. 750,90,L.Ed,1557,66,S.Ct.1329,(1946).Absent showing of substantial prejudice, Court in bench trial,is deemed to have considered only admissable and relevant material, even if evidence was erroneously admitted it should be considered harmlees error under Rule52(a). United States V. All State Morg. Corp. 507,F.2d,492,cert. den.421,U. S.99,44,L.Ed.2d.666,S,Ct.2396,(1964 C.A.I.11).

23).Harmlees

-8-

23). Harmless error must occur beyond reasonable doub were constitutional issue are involved and occur only were after reading trial record, appellate court is firmly convinced of petitioner's guilty is owerwelming and trier of fact would have reached same result without evidence received in violation of fifth amendment as embobied in miranda procedural safeguard.See Null V. Wainwright, 508,F.2d.340,cert.den.421 U.S.970,44,L.2d.459,95,S.Ct. 1994(1995 C.A.Fla.)
24).-
Under The United States District Court system of law, defendant's are entittled to new trial, hovever, guilty that may be, if error effecting their substantial has occurred in any particullar, but in long and complex trial, it for seems particular importante to consider over-all fairness of trial as whole, for ulttimate test of trial by jury is fairness of process, rather than success of result which by hipotesis never can be known with ultimte assuranse; See U.S. Antonelli Firework C.O. 155, F.2d. cert. den. 32°, U.S. 742, L.Ed,640, 67, S.Ct. 49, reh. den. 329U.S. 826, 91, L.Ed. 701, S.Ct. 182, (1946 C.A.2. N.Y.).Erroneous admission of evidence is cured by instruction that jury disregarded it, were substantial right of defendant are not adversely effected, that it is, were his guilty is clear error, if any occurred, is harless See McMillian V. U.S. 363,F.2d. 165,(1966 C.A. Fla.) .....Curative instructions that it rested upon prosecution to prove defendant's guilty beyond reasonable doubt and that must it not accept statements of counsel as to law, rendered harmless prosecution's alleged error in comenting during summation that defendant evidence did not meet burden of showing that he did not committed crime charged. See United States V. Swanson ,509, F,2d. 1205,(1975 C.A IOWA). Befo - Federal Constitutional error can be harmlees Court must be able to declare belief that it is harmless beyond reasonable doubt. See Chapman V. California, 386, U.S.18,17,L.Ed.705, 87,S.Ct. 824,24,ALR3d 1065, reh. den. 386,U.S. 987,18, L.Ed.404,U.S. 880,30,L.Ed. 161,92, S.Ct.213, (1971-C.A.-Texas).
25).-
In making the determination whether specified errors by criminal defense, by counsel resulted in required prejudice for a defendant to succed on a Sixth Amendment claim a Court should presume absent challenge to judgement on grounds of evidentiaty insufficiency, that judge or jury accted according to law. U.S.C.A. Const. Amend.SIXTH. Strickland V. Washington, 466,80,L. Ed.2d. 104,S.Ct.2052.
26).-
The Sixth Amendment accorded criminal defendant's a right to counsel rendering "REASONABLE EFFECTIVE ASSISTANCEGIVEN THE TOTALITY OF CIRCUMSTANCES " after outlining standard for judging whether a defense counsel fulfilled the duty to investigate nonstatutory mitigating circunstances and whether counsel's errors were sufficiently prejudicial to justifal reversal, the Court of Appeals ingnoring the case for application of the standards.Stickland V. Washington , 466, U.S.668,80,L.Ed.2d.674, cite as 104 S.Ct.2052.(1984).
27).-
The Sixth Amendment held:
    The right to counsel is the right to the effective assistance of counsel, and the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functining of the adversarial process that the trial cannot be relied on as having produced a just result, the same as the principle applies to a capital sentencing proceeding such as the one provided by the Florida Law in Strickland, That is sufficiently like a trial in its adversarial format and in the existence of standard for decision that counsel's role in proceding is comparable to counsel's role at  trial. Pp.2063-2064
28).
Appliying the standard for ineffectiveness claim articulated by the Florida Supreme Court in Knight V. United States ,394,So.2d.997,(1981).The trial court concluded that respondent had not show that counsel's assistance reflected any substantial and serios deficiency measurably below that of competent counsel that was likely to have effected  the outcome of the sentencing proceeding. The Court specifically found:"As a matter of law, the record affirmativaly demostrates beyong any doubt that even if ("counsel")had done each of the ...things (that) respondent alleged counsel("had failed to do" ) The time of sentencing, there,s not even the remotest chance that the outcome would have been any different.
the plain fact is that the aggravating circumstances proved in for this case were complitely "overwhelming..." App.to pet cert.A230.
29).-
An along line of  cases that included Powell v. alabama ,287,u.s 45,-53 s.c.t 55,-77,1.ed.- -9- 158(1932) johnson v. zerbst,304,u.s 458,58,s.c.t. 1019,82.1.ed. 1461 (1938) and Gideon v.-

Wainwright, 372,u.s, 335,83,s.c.t. 792, 9.1.ed.2d. 799,(1963) this court has regnized that the sixth amendment righ to cousel exist, and is needed in order to protect the fundamental riht to afair trail through the due process clouses, but it defines the basic elements of a fair trail largely trough the several provisions of the sixth amendment. Strickland V. Washing-
30).- ton 466,U.S.668,80.L.Ed.2d.674,104 S.Ct 2050

Petitioner who are Official of the State of Massachusett, filed a petition for a writ or certiorari seeking review of the decision of the Coutr of Appeals, the prtitioner present a type of Sixth Amendment claim that this Court has no previously considered in any generality. The Court has considered Sixth Amendment claims based on actual or constrictive denial of the assistance of counsel althogeter,as well as claim based on State inteference with the ability of counsel to render effective assistence to the accused,E.g.United States V. Cronic, Ante, p.648,80,L.Ed.2d.657,104,S.Ct.2039.With the exception of Culer V.Sullivan,446,U.S.335,64,L.Ed, 2d,333,100,S.Ct.1708(1980),However, which involved a claim that counsel assistance was rendered ineffective by a conflict of interest, the Court has never directly and fully addressed a claim of "actual ineffectiveness" of counsel assistance in a case goingto trial cf.United States V. Augurs,427,U.S.97,102,n5,49,L.Ed.2d.96,S.Ct.2392(1976).

31).-
In representing a criminal defendant counsel owes the client a duty of loyalty, a duty to avoid conflict of interest, a duty to advocate the defendant's cause, a duty to consult with the defendant on important decision, a duty to keep defendant imformed of development in the course of the prosecution, and duty to bring to bear such skill and knowelge as wil render the trial a reliable adversarial testing process.

32).-
Convicted defendant making a claim of ineffective assistance of counsel must identify the act or omission of counsel that are alleged not have been the result Of reasonable proffessional judgment;The Court must them determine whrther the circumstances, the indentified acts or omission were outside the wide range of proffessional competent assistance,keeping in mind that counsel's function, as elavorated in prevaling proffessional norms,is to take the adversarial testing process work in the particular case; and recognizing that counsel is strongly presumed to have rendered adequate assistance and made all significant decision in the exercise of reasonable proffessional judgment.U.S.C.A.Const.Amend.6.

33).-
The ringt to counsel plas a crusial play , a crisial role in the adversarial system embobied the sixth amendment, since acsses to counsel's skill and knowledge is necessary to accord defendants the "ample opportunity to meet the case of the prosecution" to which they are entitled. Adams v. united states, ex rel. mccann,317,u.s.269,275,276,63, s.c.t. 236,240,87,1.ed. 268,(1942). see Powell v. alabama,supra, 287,u.s. at.86-69,53,s.c.t. 63-64.

becouse of the vital importance of counsel has held that,with certain exections,("person accused of a federal or state crime has the right to have counsel appointed if retained counsel can not

be obtained .see <u>argunsinger v. hanlin</u>,407,u.s.25,92,s.c.t. 2006,32,l.ed.2d. 530,(1972), <u>Gideon v. wainwright</u> supra,JOHNSON v.SERBST,supra"). The sixth amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. A accused is entitled to be assisted by an attorney, whether retainig or appointed, who plays the role necessary to emsure that the trial is fair.

34)._

For that reason the court has recognazes that"the right to counsel is the to the effective assistance of counsel" <u>MacMann V. Richardson</u>,397,U.S.759,771,n.S.Ct.1441,1449.14,25,L.Ed.763.(1970). Government violates the right to effective assistance when it interferes in certain way with the ability of counsel to make independent decisions about how to conduct the defence. See e.g. <u>Geders V.United States,</u> 425,U.S. 80,96,S.Ct,130,47,L.Ed.2d.(1976). (bar on attorney-client consultation during overnight recess ); <u>Herring V. New York,</u> 422,U.S.853,95,S.Ct.2550,45, L,Ed. 593, (1975).(bar on summation at bench trial),<u>Brooks V.Tennesse</u>,405 U.S. 605, 612-613,92,S.Ct.1891, 1895,32,L.Ed.2d.358,(1972). (requirement that defendant be first defense witness); <u>Ferguson V. Georgia,</u> 365.U.S.570,593-596,81,S.Ct.756,768,770,5,L,Ed.2d.783.(1961)(bar on direct examination of defendant) Counsel, however, can also deprive a defendant of the right to effective assistance simply by failing to render "adequate legal assistance", <u>CulyrV. Sullivan,</u> 446.U.S.at. 344,100, S.Ct.at.1719(actual conflict of interst adversely affecting laweyr's performanse renders assistance ineffective)

35)._-

Thus a Court deciding an actual ineffectiveness claim must Judge the reasonableness of counsel's challenged conduct On the facts of the particular case, viewed as of the of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the act or ommssions of counsel that are aleged not to have been the result of reasonable proffessional judgment,The Court must then determine whether, in light of all the circumstances, the identified acts or omission were outside the wide range of proffessional competent assistance.

36)._-

This case is like the case of<u> United States, V. CroniC</u>, 466,U.S.648,104.S.Ct.2039,80,L.Ed.2d,657 present our first occassions to elaborate the appropriate standards for judging claims of ineffective assistance of counsel.In Cronic,The court consider such claims in the context of cases "in which the surrounding circumstances (make) it so unlike that any lawyer could provive effective assistance that ineffectiveness (is) properly presumed without inquiry into actual performance at trial, at.661.104,S.Ct.at.2048.Thiscase,in contrast, concerns claims of ineffective assistance based on allegations of specific errors by counsel-claim which by their very nature, require Courts to evaluate bth's the attorney's performance and the effect of that performance on the reliability and fairness of the proceedings.Accordingy a defendant making a claim of this kind must show not only that his lawyer's performance was inadequate but also he was prejudiced thereby. See also<u> Cronic</u> ,at. 659 n.26.104,S.Ct.at.2047,n.26.

37)._-

-11-

37).-

STRICKLAND COURT. The Justice Brennan, Councurring in part in part and dissenting in part. See also Gregg V. Georgia. 428, U.S.153, 227, 96, S,Ct.2909.2971,49,L.Ed2d. 859,(1971). (Brennan J. Dessenting)(Because he believe that standards it sets out today will both provide helpul guidance to Courts considering claim of actual ineffectiveness of counsel and also pemit those Courts to continue their efforst to archieve progresive development of this area of the law"

| PETITIONER CLAIM 4 | VIOLATION OF DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION |

38).-
The counsel performance was maissconduct to pursue the defendant's to signed his affidavit to to support the motion to sippress evidedence were defendant have refused to being saigned it, because he allegued he was not committed that State Court offense, and the counsel performance has been instigated him to accept somenting there , that he has not committed, only because that counsel wanted the support the motion to suppress evidence inthe United States District Court.

39).-
That States's conviction has put defendant in Immigration Consequences to be deported due to the acceptance of the guilty plea ,because that statement in the affidavit that conviction had put shall being defendant be subject for the same offense to being twice put him double jeopardy of his life, and course suffering double jeopardy in the re-entry conviction,in his enhancenment in the sentencing guideline range level in his conviction(with-out he committed the aggravated felony charges).

40)._
This motion, invoking Rule 32(d) of the Federal Rules of Criminal Procedure,18 U.SC.A.....Seek to vacate the judment of conviction and to permit the defendat to vacate,dissmis set aside or to get a new trial, his pior plea of guilty (on the strenght of which a sentence on 70 months was imposed which now has been fully served) on the ground that he pleaded guilty only in reliance on the assurance of his counsel at the time that the plea would have to appeal his motion to suppress evidence and appeal the reenty case and that now ,notwistanding that assurance that his original deportation was flow,now alsoI.N.S.deportation proceeding has been instituted against him, that validity depend upon the convictio which in turn depend solely upon his plea of guilty. Thus is presented the question whether on the underlying record it would constitute' manifest injustice within the purview of Rule 32(d) to hold him to his plea and leave judgment of conviction undisturbed. Here the subject-matter of the claimed suprise was not the severity of the sentence directing flowing from the judgment but a collateral consecuences thereof, namely deportability. This is a liability which may, and in this case does, depend on a conviction of crime. But it is nonetheles a collateral consecuense of conviction.It is true that many statements in judicial opinion and by tex-writers may be found and the appellant here cites such- to the general effect that a defendant should not be holden to a plea of guilty made without an understanding of the consecueses But neither the generalities found in texts nor the fact underlying such judicial opinion suggest that the author of such statements means to imply that the finality of a conviction on a plea of guilty depend upon contemporaneous realuzation by the defendant of the collateral consecuenses thereof.

41).- This is a cause of collateral attact on judment of conviction by way of habeas corpus or the like,In such cases, some (not all)Courts have held there is not lack of due of process because of defendant's counsels' gross incompetence, if his was of defendat's choice, but here the issue is one of unconstutionality.The issue is this: On a motion to vacate a conviction and witdraw a guilty plea, in order to permit defendant to go to trial does the fact that the plea resulted from the grossly erroneous advice to the defendat by his own lawyer render it' manifestly unjust' to leave the consequent conviction standing?.......Several Courts have held it does and without any showing that the lawyer was guilty of what call an "unproffessional conduct"("which this mean conduct justifying disbarment"). See e.g. United States V. Shneer, 3.Cir.194,F.2d 598,601, and the ensuing decision allowing witdrawal ofthe plea. United States V. Shneer,,D.C.Pa.105F.Supp,883, People V. Walker, 250,Ill.427,432,95,N.E.475,Abrahan V. State, 228,Ind.179.91.N.E.2d,358,State V, Casaras,104,Mont.404,66,P2d.774,The State cases are opposite, since Rule 32(d) merely restates the common law' doctrine.

12

42).-
In cases where a defendant on appeal from conviction ask reversal on the ground that his lawyer made a mistake during the trial, many courts have denied relief unless the mistake was magnifiscient and clearly prejudiced defendant. Those Courts insuch cases seem ti have feelt:
1)That what might semm to be a mistake, was part of the lawyer's deliverate tactics, or
2)That in the heat of trial, errors of judgment' on the part of counsel, when under pressure, are so likely often to occurr that they should not invalidate conviction. But here the lawyer's mistake did not occurred during a trial; he was under no pressure whethever; there was no need for haste. and his error cannot coinceibably be described as one involving merely "bad judgment" this was one described "deliverated indiference".
43_).-
The Courts do reverse a conviction on appeal when defendant's counsel was hopelessly incompetent and that incompetence seriosly prejudiced defendant. So e.g. were counsel was unfamiliar with rules of evidence, or did not know that "he could procure wistness and forcible process to obtain then in defendant's behalf,"
44).-
That lawyer who had served as a Attorney General or Assistant of Atorney or a Comissioner of Government agency, even if he had been asked for a curbustone opinion only, should give advice flatly cOntrary to the statute qould be surprising enough. But when, with ample time to examine the statute ;and Supreme Court decision sustaining its validiry of the statutes did lawyer did not so an reklessly gave completely wrong advice to defendant, he has beyong any possible doubt engreiously direclict in the discharge of his duty to his client. Surely the courts have a considerable responsability for the conduct of lawyers whm they admit to practice and whon they thereby invest with power to counsel lawmen. To be sure a court does not represent' that the member of its bar are infalible', but it does, represent that they will not recklessly fail to read a statute before answering simple legal question. Whwat is the sense of the Constitutional requirement that defendant heve counsel beforee pleading guilty if the counsel be utterly without legal competence to guide his client??? When a lawyer gives client an erroneous opinion on a question teh correct answer to which, by no stretch of the imagination, counsel be considered doubful, and the client, relying on that opinion, enter a plea of guilty which will disastrously effct his future life, it is hard to understand how it can be maintainig that' manisfest injustice has no occurred. Ifnot. I wonder how manisfest the injudtice mist be??.
45).-

In People V. Nitti, 312, I11,73,143, 448,454, The Courts said: At the time the attorney appeared for these defendants he held a license from this Court which certified to the public that he was competent to properly represent any client who might employ him, and any person employing him had a rigth to rely upon that certificate; and said that it must' take into consideration the gross incompetency and negligency and estupidy of counsel( Here in this petitioner's case the counsel not was in his choice, his counsel was appointed for the Court, Petitioner's have requested at the U,S.Distric Courtto witdrawal the counsel representation because the counsel was ineffctive in the representation , but the Court has ingnoring his request).Here the defendant's counsel held a license fromt the Federal district Court, and she's conduct displayed' gross incompetence and misconduct".In Schmitter V. State, 228,Ind. 450,467,93 N.E. 2d. 184,191, The Court, after saying, "IT must be presumed that' defendant's attorney dischar ged his full duty and it should require atrong and convincing proof to overcome this presumption' went on to say that defendant having this burden', did not produce his attorney's affidavit testimony" but here petitioner's did produce his owm affidavit to show -up his testimony in prima-facie evidence of his burden of proof at the Court, that attorney which has not dis=

13

charged his fully duty".

46).-

Sometimes a statute inescapably command judges to comform a legal ritual indifferent to justice. Them, regret it as the way the judges must administer " Injustice according to law"But the judges should regard such instances as exceptional deplorable, and should not ,generalizing from them, coclude that doing justice is not the judges role, that the " administration of justice' is an empty prhase not to be taken literally. When, therefore, a Rule tell to the judges in the plainest word to avoid manifest injustice, petitioner believe that they should eagerly embrace the opportunity, not extend earlier decision to escape it. Judicial sensibilities ought not to be markedly different from those of the laymen, if he understood this case, it would severly shock the sense of justice or injustice of the ordinary citizen to learn that this Court: (a) denies this defendant the chance he ask to go to trial so that he may prove, if he can, his innocense and,(b) permit him not to be mat probe if he can gis innocense and (b) permit him to not deported because of his lawyer's astonishing ignorance. petitioner believe that such a shock plainty manisfest injustice. See United States V. Parrino 212, F.2d,919.921,922,(2d Cir.)cert. den.348, U,S.840,(19454(Frank J.Circuit Judge)(dissenting).

47).-

In fairnes to counsel who adviced defendant, the (Frank Circuit J. Dissenting) think, must add that, in criticing his conduct severely, the judge relying on what appear in the present record. Were the case remander for further proceeding(should be) perhaps he could then sastifactoraly explain his extraordinary conduct, but in deciding this appeal,the judges must take the record as it now stands.That record shows that the has been most unfairly treated. It would be unfair to him if in order to be fair to his counsel, the judges now conjuctured that the later had some good but undesclosind reason for the advidce he gave.

48).-

PETITIONER CLAIM 5    VIOLATION OF THE AMENDMENT 632   FAILURE TO GRANT A DOWN DEPARTURE

U.S.District Court appointed counsel has refused to argued any objection in the presentense report(P.S.I.)Tthe plea-agreement was not adviced properly by the counsel, abaut the consecuenses of the guilty plea; the downward departure from the court and defendant agreement in the plea was for 57 months; rhe U.S.District Court Judge has made decision to sentencing for 70 months (Petitiner's has already 5 years in the incarceration on the time of the sentencing date served and judge has order to be serve 10 more months to serve in an Federal Bureau of Prison at the Federal Correctional Institution Mackean in Brandford Pa.) Without not counsel's argument the severity of the plea .The accptance of responsability Three points offered it not was allowed to petitioner's acceptance for his responsability in the plea;the enhancenment of the prior State conviction in the sentencing guideline range was accounted in wrong manner in the category level in the reentry sentensing;The conviction was unlawfully induced and not nade voluntary or with understanding of the nature of the charges, and the consecuenses og the plea;The petituoner's adviedment right not was gived properly int the reentry proceedings.

/4

49).-

Boths the defendant and the government hereby mutually agree to waive all rights to appeal all non-juridictional issues, including but not limited to whether sentence is imposed....... reserving only the right to appeal from an upward or downward from the guideline range that is established by the court at the sentencing, and the right to appeal any sentence enhancement imposed by the court for the defendant's prior conviction felonies(emphasis added).

50).-

we neednot determine whether the government waived the right to appeal the District Court's failure to apply the section F.C P.R. Rule 11(a)(2) enhancement given our determination that the Court imposed an illegal sentence.Enforcing that waiver would result in an miscarrier of justice. Will refuse to enforce an otherwise valid waiver if to do so would result in an miscarriage of justice". United States V, AndiS, 333,F.2d 886-891,8th.Cir.2003.)(en banc) cert. den.U,S,124, S.Ct.501, 157,L.Ed.2d. 398 (2003) .The imposition of an illegal sentence is one example of circumstances that might constitute a miscarrie of justice. "The illegal sentence exception to the general enforceablility of an appeal waiver is an extremely narrow exception". Id.at, 8932 "A sentence is illegal when it id not authorized by the judgement of conviction or when it is greater or less than the permissible statutory penalty for the crime". Id.(quoting United States v. Greatwalker, 285,F.3d,727,729, (8th Cir. 2002),

51),_

This case present the question whether Amendment 632 to the sentencing guidelines can be applied retroactively under 28. U.S,C. SS2255 to reduce a defendant's previously imposed sentence, or in the 18 U.S. C. ss 3582. (c)(2). Defendant plead guilty to reentry to the United States illegally as a deported alien previously convicted of an aggravated felony, in violation of U.S.C. SS1326(a)(1)(2), and (b)(2). Terminated defendant's sentenced by applying the then-existing version of U.S.S.G.2L1.2(b)(1)(A) which called for a sixteen-level increase for a defendant previously convicted of an aggravated felony. Based ona total offense level of twenty four, The District Court sentenced defendant to 70 months's im prisonment at the low of the guideline range.

52).-

If the District Court review de novo, a District Court's interpretation of the sentencing, guidelines,a Court may reduce a previously sentence if the Sentencing Commision has lowered the applicable sentencing range and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". The District Court can neverthles  give retroactive effect to Amendment 632 if it is clarifiying rather than sbstantive the parties dispute only whether it is clarifying or substantive the permisse is mistaken, however, the question whether an amendment to the guidelines is clarifying or substantive goes to whether a defendant was correctly sentenced umder the guidelines in the first place, not to whether a correct sentence has subsequently been reduced by an amendment to the guidelines and can be modified in a proceeding under ss3582(c)(2).And argument that a sentence was incorrectly imposed should be raised on "direct appeal or in a motion to vacate, set aside, or correct sentence pursuant to ss28 U.S.C. 2255",cf.United States  V.  Thompson,281,F.3d.1088,1089,1092-93,(10th Cir. )(direct appeal),cert. den.. U.S.123,S,Ct.288,124,L.Ed.2d.127,(2002);United States  V. Kissick,69,F.3d.1042.1051-53, (10th-Cir.1995(2255).

15

53).-

If defendant proceeded exclusively under ss3582(C)(2)TheU.S. District Court have no to consider whether Amendment 632 was clarifying or substantive and the District Court should not have to reach the question Amendment 632 is not listed in U.S.S.G. SS3E1. 1(a)Bol. 2. and a reduction of defendant's sentence under ss 3582(c)(2)"was not authorized"ss1B1.3. Therefore, the qyestion in this claim is that the ineffective of counsel representation had become, becaushe made not arguements or nor has been made any objection,nor investigated propertly the Presentense Investigation Report (P.S.I.), or neither accounted propertly the petitioner's guidelines range level in the points level in his criminal history category in the record inthe original sentencing at the time of the trial session in th U.S. District Court sentencing session dated on August 21,2001;Alsonor haved challengued for an downward the petitioner's sentencing guidelines level in the biginnig of the plea-agreement dated on 4-11-2201 propertly,Therefore,Petitoner has merit in this claim ,because the U.U. District Court's interpretation of the sentencing guidelines or the Sentencing Commission vioaled his plea-agreement, Therefore, petitioner clain haved merit to raise issue on direct appeal or in this Motion to vavte, set aside, or correct sentence, pursuant to 28.U.S.C.ss2255.

54). PETITIONER'S ADDITIONAL ARGUMENTS;

THE ORIGINAL DEPORTATIO PROCEEDINS WERE UNCONSTITUTIONAL AND THEROF CANNOT FORM THE BASIS OF THE ILLEGAL REENTRY CHARGES: PRIOR STATE CUOURT CRIMINAL CONVICTION WERE IMPROPER; AND PETITIONER WAS DENIED PROPER MEDICAL CARE WHILE INCARCERATED PENDING TRIAL.

Petitioner basis appear in the record of theU.S. District Court transcripts's hearing helded inthe Court, and inthe State Courts criminal history record, that was taked wrong, in the enhancement in the sentencing guideline range; Also the petitoner haved asked at the counsel for help in his health medical condition in concerning his illnes, while he was awaiting for trial dated, he was keept incarcerated in the Plymouth County Correctional Facility ,plymouth,Ma. Petitioner suffered several pains caused by his Hiht Cholesterol, Hepatities C, and Ulcer in his Colon, that was need medical assitamce, that was ingnored by that correctional medical deparment his request for assistance in his custody Petitioner had asked to his counsel for to she can to notify the Court of this medical assistance, but thr counsel haved not assisted to his request, even that counsel haved told to him that:" SHE WAS AN LAWYWER NOT HIS NURSE" Also the U.S. District Court Judge have told to petitoner the same answer. (see the attached exhibit U.S. District Court's civil matter no-00 c-v 10713 R.G.S.) Alsa see the U.S. District Court's transcript issued on April 17, 2001).

55).

Although we hace discussed the performance component of an ineffectiveness claim prior to prejudice component, there is no reason for a Court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address boths components of the inquiry if the defendant makes an insufficient shoving on one. In particular, a Court need not determine whether counsel's performance was deficient before examining the prejudice suffered as a result of the alleugued deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance.If it is to dispose of anineffectiveness claim on the ground of ⁻k of sufficient prejudice, which we expect will often be so, that course should be follo-

16

wed. Courts should strive to enssure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice suffers a result.

56).-

The principles governing ineffectiveness claims should apply in Federal Collateral Proceedings as they do on direct appeal, or in motion for a new trial. As indicated by the "cause and prejudice" test ror overcaming prodedural waivers of claim of errors, the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment. See United V. Frady,456,U.S. 152,162-169,102,S.CT.1584,159-1595, 71,L.Ed.2d.816,(1982);Eagle V. Isaac,456, U.S.107,126,129, S.Ct.1558,1570-1472,71, L.Ed.2d.783,(1982). An ineffectiveness claims , however, as our articulation of the standard that govern decision of such  claim makes clear, is an attack on the fundamental fairnes of the procedind whose result is challenged. Since fundamental is the central concern of the writ of this habeas corpus. See Id.at.126,102,S Ct. at.1570. No special standards ought to apply to ineffectiveness claim made in habeas proceedings.

57)._

Finally, in Federal habeas challenge to a State Criminal Judgment,a State Court coclusion that counsel rendered effective assistance is not a finding of fact binding on the Federal Court to the extent stated by 28U.S.C.A.ss2254(d). Ineffectivenes is not a question of "basis, primary, or historical fact".Townsend V. Sain,312,U.S.392,309,n.6.83,S. Ct.745,755,n.6,9,L.Ed.2d. 770.(1963). Rather, like the question whether nultiple representation in a particular case gave rise to a comflict of interest it is a mixed question of law and fact.See Cuyler V  Sullivan, 446,U.S. at. 342, 100,S. Ct. at. 1714,Altgough State Court finding of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of ss 2254 (d) abd although District Court finding are subject to the clearly erroneous standard of Federal Rule of Civil Procdure 52(a), both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact.

58).-

Having articulated general standards for judging ineffectiveness claims the Courts think it useful to apply those standards to the facts of this case in order to illustrates the meaning of the general principles. The record  makes it possible to do so. there are no comflicts between the State and Federal Courts over finding of facts,and the principles we have articulated are sufficiently close to the principles applied boths in the Florida Courts AND THE District Court that it is clear that the fact-finding was not effected by erroneous legal principles. SeePullman V.  Swint,456,U.S.273,291-292,102,S. Ct. 1781.1791-1792,72,L.Ed 2d 66,(1982 See also Stickland V. Washington, 466,U.S,668 80, L.Ed.674,Cites as 104,S. Ct.2052(1984).

59).-

With respect to the performance components, the record shows that defendant's counsel made a strategic choice to argue for the extreme emotional disstres of defendant's concern the State Conviction that he alleged haved not commited the offense, mitigating circumstances and to rely as fully as possible to the defendant's acceptance of responsabiliti for his crimes.

17

Although Counsel understandably felt hopeless about respondent's prospects See App. 383, 384, 400, 401, nothing in the record indicates, as one as possible reading of the District Court's transcripts well; the First Circuit's opinion suggest. See app. to Pet. for Cirt A-282. that Counsel's sense of hopelessness distorted shes proffessional judgment. Counsel's strategy choice was well with the range of proffessionally reasonable judgment. and the decision not seek more character or psychological evidence than was already in hand Likewise reasonable.

60). — The trial judge's views on the impontance of owing up to one's crimes were well known to Counsel. The aggravating circumstances were "utterly owerhelming." Trial Counsel could reasonably surmise from shes conversation with respondent that character and psychological evidence would be of little help. Respondent had already been able to mention at the plea colloguy the substance of the what there was to know about his serious concern in his state Conviction (he has told at the U.S. District Court Judge that he has not committed that State Court crime offense. See the U.S. District Court Transcript issued on April 17, 2001"). And his emotional troubles. Restricting testimony on respondent's character to what had come in at the plea colloguy ensured that contrary character and psychological evidence and Respondent's Criminal History, which counsel had successfully moved to exclude, not come in. On these fact, there can be little question, even without application of the presumption of adequate performance, that trial counsel's defense, through unsuccessful, was the result of reasonable proffessional judgment.

18

61).— Application of the governing principles is not difficult in this case, the facts are describe above, See Pullman Supra, at. 2056, The facts as describe above See also at. 2060, make clear that the conduct of respondent's counsel at and before respondent's sentencing proceedings cannot be found unreasonable. Failure to make the requirement showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.... Here there is double failure, more generally, respondent's has made showing that the justice of his sentence was rendered unreliable by a breakdown in the adversary process caused by deficiencies in counsel's assistance; Respondent Sentencing proceeding was fundamentally unfair. They made or make clear also that even assuming the challenged conduct of Counsel was unreasonable, respondent's suffered sufficient prejudice to warrant setting aside or to dismiss or to vacate this reentry sentence.

62). - This case requires to the U.S. District Court to consider the proper standard for judging a criminal defendant's contention that the Constitution requires that this reentry conviction or sentence to be Set Aside or vacate. because Counsel's assistance in the reentry proceedings sentencing was ineffective in the all process. Submitted by:

dated 6-14-2004.

Ramon Pineda Salgado
Ramon Pineda (Pro-Se)
A-42-476-804

Berks County Prison #2004.3027-1287 County welfare Rd
Leesport Pa. 19533-9397.

19

## CERTIFICATE OF SERVICES

I am Ramon Pineda, I certify that I send on original and one copy of the petitioner's motion in Opposition to Government's Memmorandum requesting to Dismiss this Ineffective Assistance of Counsel, pursuant under 28.U.S.C. ss 2255; the attached exhibits in Support the Motion; The Petitioner's Affidavit in Support this motion; the Certificate of Services, send and served at the U.S. District Court's clerk to the address paid in an legal mail Services to:

Mr. Tony Anastas
Clerk of the Court Offices
U.S. District Court for the
District of Massachusetts
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 2300
Boston, Ma. 02210.

dated 6-14-2004

Submitted by

Ramon Pineda Salgado
Ramon Pineda (Pro-Se)
A-42-476-804

Berks County Prison # 2004.3027
1287 County Welfare Road
Leesport - Pa. 19533-9397.

c.c:

Michael J. Sullivan
United States Attorney
Seth P. Berman
Assistant U.S. Attorney
U.S. Attorney's Offices District of Ma.
John J. Moakley Courthouse Suite 9200
1 Courthouse Way
Boston, Ma. 02210

20